**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **FIDELITY & DEPOSIT COMPANY OF** | ) | |
| **MARYLAND and COLONIAL** | ) | |
| **AMERICAN CASUALTY AND** | ) | |
| **SURETY COMPANY,** | ) | |
| | ) | **Civil Action No.  SA-06-CA-207-XR** |
| **Plaintiffs,** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **TRI-LAM COMPANY, INC.,** | ) | |
| **VALDEMAR RIOS, JR., and T.G.** | ) | |
| **SERVICES** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

On this date, the Court considered the status of this case.  On or about October 2, 2003, Defendants executed an Agreement of Indemnity in favor of Fidelity & Deposit Company of Maryland ("F&D") and Colonial American Casualty & Surety Company ("Colonial") as consideration for the issuance of certain surety bonds on behalf of Defendants.  More specifically, F&D and Colonial issued performance and payment bonds ("Bonds") naming T.G. Services as the principal and the United States of America as the obligee on the construction project referred to as Contract No. 29126G-04-C-003, Sanderson Border Patrol Station, Sanderson, Texas ("Project").

Plaintiffs allege that claims were made on the Bonds issued by F&D and Colonial.  As a result of such claims and Defendants' alleged failure to satisfy their indemnity obligations, F&D and Colonial have allegedly suffered loss, costs, and expenses, including attorney's and consultant's fees, in the amount of $3,283,936.97.  Plaintiffs allege that reserves over and above the loss to date have

-1-

been set by F&D and Colonial in the amount of $54,826.78. The Agreement of Indemnity stated that Defendants would exonerate, indemnify, and keep indemnified F&D and Colonial from and against any and all liability for losses and/or expense of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) which F&D and Colonial have incurred or sustained as a result of having furnished the Bonds or in enforcing the provisions of the Agreement of Indemnity.

Plaintiffs filed a motion for summary judgment against all Defendants on January 31, 2007. The deadline for responding to the motion was extended to February 16, 2007. Defendants did not file a timely response to the motion. On February 21, 2007, Defendants filed an advisory to the Court, stating that Defendant Valdemar Rios, Jr. filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division on February 16, 2007. Defendants argue that Rios' chapter 7 bankruptcy filing triggered "an automatic stay preventing Claimants from proceeding with prosecution of their claims in the above referenced cause of action."

Defendants apparently desire to stay proceedings against all co-Defendants, even though only one of the co-Defendants has filed for Chapter 7 bankruptcy. In their motion for summary judgment, Plaintiffs requested that the Court render judgment, jointly and severally, against Tri-Lam, Rios, and T.G. Services for $3,283,936.97, pre- and post-judgment interest, and attorney's fees. Plaintiffs also requested that the Court order the co-Defendants to deposit collateral with Plaintiffs in the amount of $54,826.78, which represents the reserve established by Plaintiffs over and above the alleged loss to date. The Agreement of Indemnity, signed by all co-Defendants, stated that "in consideration of the premises the Contractor and Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, *jointly and severally*, hereby convenant and agree with the Surety, as

-2-

follows." (emphasis added).

The Court finds that Valdemar Rios, Jr. is entitled to an automatic stay of all proceedings against him pursuant to 11 U.S.C. § 362(a).  The purposes of the automatic bankruptcy stay under 11 U.S.C. § 362 "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985); *see Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) ("We join those courts concluding that the protections of § 362 neither apply to co-defendants nor preclude severance"). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *GATX Aircraft Corp.*, 768 F.2d at 716.  The Fifth Circuit has noted that "[s]ection 362 is rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). However, an exception to this general rule does exist, and a bankruptcy court may invoke § 362 to stay proceedings against non-bankrupt co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d at 994, 999 (4th Cir. 1986)); *see also Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).  The district court may also grant a discretionary stay of the action against non-bankrupt co-defendants; however, this discretion is limited. *Wedgeworth*, 706 F.2d at 544-45.

The Court will require the parties to submit briefing concerning whether this action should be stayed as to the remaining co-Defendants pending the resolution of Rios' bankruptcy case.  The

parties should address the factual similarity between the facts of *GATX Aircraft Corp.* and the facts

of this case.  The parties should also address whether the exception of *A.H. Robbins Co.* should apply

and whether the Court should grant a discretionary stay.  Plaintiffs are ORDERED to file this

briefing on or before **Monday, March 12, 2007**, and Defendants may file a response on or before

**Wednesday, March 21, 2007**.  The briefs may not exceed ten pages in length, and no reply will be

allowed.

The Court will postpone consideration of Plaintiffs' motion for summary judgment pending

resolution of this bankruptcy issue.  If the Court determines that the case should proceed against the

non-bankrupt Defendants, then the Court will set new deadlines for filing a response and a reply to

Plaintiffs' motion for summary judgment.

It is so ORDERED.

SIGNED this 27th day of February, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE