UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **FIDELITY & DEPOSIT COMPANY OF MARYLAND and COLONIAL AMERICAN CASUALTY AND SURETY COMPANY,**   Plaintiffs,  VS.  **TRI-LAM COMPANY, INC., VALDEMAR RIOS, JR., and T.G. SERVICES**   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No.  SA-06-CA-207-XR |

## ORDER

On this date, the Court considered the status of this case. On February 27, 2007, the Court ordered the parties to submit briefing concerning whether this action should be stayed as to the non-bankrupt co-Defendants pending resolution of Defendant Rios' bankruptcy case. The Court stated that it would postpone consideration of Plaintiff's motion for summary judgment pending its ruling on this legal issue. The Court stated that if it determined that the case should proceed against the non-bankrupt co-Defendants, then the Court would set new deadlines for filing a response to Plaintiff's motion for summary judgment. On March 22, 2007, the Court granted the non-bankrupt co-Defendants' request for a stay of discovery pending a ruling on the applicability of the automatic stay to the non-bankrupt co-Defendants.

Defendant Rios filed for chapter 7 bankruptcy on February 16, 2007. Defendant Tri-Lam Company, Inc. ("Tri-Lam") is a Texas corporation with its principal place of business in San

Antonio. Defendant T.G. Services is a joint venture between Tri-Lam and Vincent T. Garza Contracting Services, Inc. Rios is an officer, director and shareholder of Tri-Lam. Tri-Lam and T.G. Services are the non-bankrupt co-Defendants in this case.

The Court finds that the automatic stay applicable to Rios should not apply to Tri-Lam and T.G. Services. The purposes of the automatic bankruptcy stay under 11 U.S.C. § 362 "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985); *see Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) ("We join those courts concluding that the protections of § 362 neither apply to co-defendants nor preclude severance"). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *GATX Aircraft Corp.*, 768 F.2d at 716. The Fifth Circuit has noted that "[s]ection 362 is rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). However, an exception to this general rule does exist, and a bankruptcy court may invoke section 362 to stay proceedings against non-bankrupt co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d at 994, 999 (4th Cir. 1986)); *see also Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). The district court may also grant a discretionary stay of the action against non-bankrupt co-defendants; however, this discretion is limited. *Wedgeworth*, 706 F.2d at 544-45.

The Court finds that this case is similar to *GATX Aircraft Corp. v. M/V Courtney Leigh*. In

*GATX*, P.T. Bailey, Inc. ("Bailey") executed a lease with GATX for an offshore ocean supply vessel named the Courtney Leigh. 768 F.2d at 713. Five couples–the Dedekers, the Logans, the Brileys, the Lugenbuhls, and the Naquins–concurrently executed a Continuing Guaranty Agreement ("guaranty") on behalf of GATX up to the limit of $2,656,000. The guaranty was "an unconditional, absolute, continuing, and unlimited guarantee" that imposed joint and several liability on the guarantors in the event that Bailey defaulted under the lease. *Id.* Bailey defaulted by failing to make timely payments under the lease, so GATX terminated the contract, instituted suit to arrest the vessel, and asserted claims against Bailey and all signatories to the guarantee. *Id.* The Brileys declared chapter 11 bankruptcy, and GATX settled with the Lugenbuhls and the Naquins. *Id.* The district court granted partial summary judgment in favor of GATX against the Dedekers, the Logans, and Bailey (collectively "non-bankrupt appellants") for the sum of $1,228,279.94. *Id.*

The non-bankrupt appellants claimed, *inter alia*, that the automatic stay in force as a result of the Briley's bankruptcy should apply to them. *Id.* at 715. In rejecting this argument, the Fifth Circuit stressed that "the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *Id.* The Fifth Circuit held that severance of the bankrupt co-Defendant is unnecessary and that "litigation can proceed against other co-defendants." *Id.*

In *GATX*, the non-bankrupt appellants argued that the case should not proceed because the Briley's bankruptcy diminished the likelihood that they could enforce or recover upon cross-claims against the Brileys. *Id.* In rejecting this argument, the Fifth Circuit held that the district court did not abuse its discretion by denying a discretionary stay. *Id.* According to the Fifth Circuit, a discretionary stay of a case against non-bankrupt co-defendants can be justified only if, based on a

balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration. *Id.* The Fifth Circuit stressed that several remedies were available under the Bankruptcy Code to the non-bankrupt appellants, including filing a proof of claim, 11 U.S.C. § 501(a), filing a complaint to avoid discharge, 11 U.S.C. §§ 727, 1141(d)(3) or the dischargeability of a debt, 11 U.S.C. § 523, and filing a motion for relief from stay, 11 U.S.C. § 362(d), to permit them to liquidate their claim against Briley and pursue any offset against GATX. *Id.* at 716-17. The Court finds that the automatic stay does not apply to Tri-Lam and T.G. Services.

The Court refuses to grant a discretionary stay in this case. *See Wedgeworth*, 706 F.2d at 546 (holding that the district court improvidently granted a discretionary stay as to the non-bankrupt co-defendants); *see GATX*, 768 F.2d at 716 (holding that the district court did not abuse its discretion in inferentially denying a discretionary stay as to the non-bankrupt co-defendants). The Court concludes the balancing of competing interests involved in this case weighs in favor of allowing the action to proceed against the non-bankrupt co-Defendants. *Wedgeworth*, 706 F.2d at 545. If Tri-Lam and T.G. Services are liable to Plaintiffs under the indemnity agreement, then they may pursue claims against Rios in the bankruptcy court. A bankruptcy court may invoke the automatic stay provision to stay proceedings against non-bankrupt co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Arnold v. Garlock, Inc.*, 278 F.3d at 436  (citing *A.H. Robins Co. v.*

*Piccinin*, 788 F.2d at 999).[1]  If Tri-Lam and T.G. Services wish to avail themselves of the *A.H. Robins* exception, that request should be addressed to the bankruptcy court, not this Court.  *See Arnold*, 278 F.3d at 436 ("By exception, a *bankruptcy court* may invoke § 362 to stay proceedings against nonbankrupt co-Defendants . . . .") (emphasis added).  Even assuming that this Court could rely on the *A.H. Robins* exception in deciding whether to issue a discretionary stay, the Court would decline the invitation because "there is no claim of a formal tie or contractual indemnification" between the debtors and the non-debtors in this case "to create such an identity of interests" that a judgment against Tri-Lam and T.G. Services would be a judgment against Rios.  *Arnold*, 278 F.3d at 436.  The Court agrees with Plaintiffs that the claims asserted against Rios are not derivative of their claims against Tri-Lam and T.G. Services.  The liability of one guarantor under the indemnity agreement is independent of the liability of the other, and the basis for Rios' liability stems from the indemnity agreement and not his ownership interest in T.G. Services.  The Court concludes that there is not such a unity of interest between Rios and the non-bankrupt co-Defendants such that a judgment against the co-Defendants is a judgment against Rios.

In their reply, Plaintiffs acknowledged that any fraud claims asserted by Plaintiffs against Rios must be prosecuted in his bankruptcy case in a proceeding to determine the dischargeability of Rios' debt under the provisions of section 523 of the Bankruptcy Code.  Plaintiffs further recognized that all actions against Rios and any property that would constitute Rios' bankruptcy estate, even property transferred to third parties subject of avoidance actions, are stayed.

The Court concludes that Tri-Lam and T.G. Services are not entitled to a section 362(a)(3)

---

[1]In *A.H. Robins*, the Fourth Circuit stated that a non-debtor stay would be appropriate in a "suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." 788 F.2d at 999.

automatic stay because Plaintiffs are not seeking to obtain possession of property of Rios' bankruptcy estate held or controlled by a Tri-Lam and T.G. Services. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1150 (5th Cir. 1987). The Court agrees that any property fraudulently conveyed by Rios remains the property of the bankruptcy estate, which must be pursued by Plaintiff's in bankruptcy court. *Id.* Plaintiffs' pending motion for summary judgment only seeks to obtain a judgment against Tri-Lam and T.G. Services for their alleged breach of the indemnity agreement. The motion does not address any alleged fraudulent transfers made by Tri-Lam or T.G. Services. Furthermore, if Tri-Lam and T.G. Services wish to avail themselves of the protections of the section 362(a)(3) automatic stay, this argument should be directed to the bankruptcy court, not this Court. *See S.I. Acquisition*, 817 F.2d at 1144, 1153 (holding that the *bankruptcy court* erred when it held that the section 362(a)(3) automatic stay did not apply to the non-bankrupt co-defendants).

The Court finds that the automatic stay applicable to Rios should not apply to Tri-Lam and T.G. Services. The discovery stay previously imposed by this Court is VACATED. Tri-Lam and T.G. Services are ORDERED to file a response to Plaintiffs' motion for summary judgment by **April 23, 2007.** If Tri-Lam and T.G. Services do not file a timely response, the Court will consider the motion unopposed. Plaintiffs may file a reply in accordance with Local Rule CV-7(e).

It is so ORDERED.

SIGNED this 9th day of April, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE